UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM VASQUEZ,

                Plaintiff,

      v.

P.O. JOHN FREDERICKS, *et al.*,

                Defendants.

No. 15-CV-9528 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

In an Opinion and Order ("Opinion") issued June 8, 2018, the Court granted Defendants' Motion for Summary Judgment. (*See* Op. & Order ("Opinion") (Dkt. No. 85).) Before the Court is Plaintiff's Motion for Reconsideration of that Opinion (the "Motion"). (Mot. for Reargument ("Mot.") (Dkt. No. 98).) For the following reasons, Plaintiff's Motion is denied.

The Court construes Plaintiff's letter as a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b), under which the Court may grant relief from judgment due to, among other reasons, "excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).[1] "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd sub nom. Gollust v. Mendell*, 501 U.S. 115 (1991). "Although [Rule 60(b)] should be broadly construed to do

---

[1] The other grounds for relief from judgment under Rule 60(b)—newly discovered evidence; fraud; the judgment is void; and the judgment has been satisfied, released, or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable—are inapplicable to Plaintiff's arguments.

substantial justice, final judgments should not be lightly reopened." *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (citation, alteration, and quotation marks omitted).

Plaintiff advances two arguments. First, he argues that Defendants attached exhibits to their Motion for Summary Judgment that they failed to disclose in discovery. (Mot. 2–3.) Plaintiff argues that he did not raise this argument in his opposition briefing, (*see* Dkt. No. 79), because he only recently became aware that he could have challenged Defendants' introduction of these exhibits, (Mot. 2–3). The Court construes this as an argument for excusable neglect pursuant to Rule 60(b)(1). The Court declines to award relief on this basis. Fed. R. Civ. P. 60(b). Rule 60(c)(1) requires that a motion under Rule 60(b) for excusable neglect be filed "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Plaintiff's filing—dated April 13, 2021—was made nearly three years after the Court's June 8, 2018 Opinion. (*See* Dkt. No. 87.) This is sufficient basis to reject the Motion. *See Azkour v. Little Rest Twelve*, No. 10-CV-4132, 2017 WL 1609125, at *4 (S.D.N.Y. Apr. 28, 2017) (holding that the Rule 60(c)(1) "one-year limitations period is 'absolute,' even when the party seeking relief is pro se"). Even if it were timely, the Court would reject Plaintiff's claim of excusable neglect on the merits. "Courts look to several factors in determining whether there was excusable neglect, including: '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *In re Residential Cap., LLC*, No. 14-CV-9723, 2015 WL 405570, at *2 (S.D.N.Y. Jan. 30, 2015) (brackets in original) (citation omitted). Courts emphasize the reason for the delay. *Id*. "Although a party's status as pro se is relevant in determining whether there has been 'excusable neglect,' pro se parties are not automatically excused from complying with procedural rules."

2

*Chiulli v. I.R.S.*, No. 03-CV-6670, 2005 WL 2446233, at *3 (S.D.N.Y. Oct. 4, 2005). Without more, a pro se plaintiff's "garden variety claim of ignorance of the law . . . is insufficient to demonstrate excusable neglect." *See Straehle v. Ina Life Ins. Co.*, No. 01-CV-7180, 2005 WL 3388612, at *3 (E.D.N.Y. Dec. 8, 2005).

Second, Plaintiff argues that Defendants introduced inauthentic police record exhibits because the documents were not marked consistent with CPL § 160.50(5)(b)(i). (Mot. 3–5.) Plaintiff did not raise this argument in his opposition briefing, (*see* Dkt. No. 79), and he does not explain why he failed to do so, (*see* Mot.). The Court construes this as a request for relief for "any other reason that justifies relief" pursuant to Rule 60(b)(6). However, as Plaintiff's Motion was filed more than 34 months after the challenged Opinion, it was not "made within a reasonable time." *Id*. at 60(c)(1); *see Warren v. Columbia Presbyterian Hosp.*, No. 12-CV-5139, 2019 WL 2250419, at *2 (S.D.N.Y. May 24, 2019) (holding that a motion for relief from judgment filed "[m]ore than two years" after the entry of judgment was not made within a reasonable time, and collecting cases).[2]

Finally, the Court notes that Plaintiff's Motion is entirely technical. It does not suggest that early disclosure of Defendants' exhibits would have allowed Plaintiff to point to additional factual disputes. (*See* Mot.) Nor does it suggest that Defendants' police record exhibits contained substantive inaccuracies. (*See id*.) Combined with the late submission of Plaintiff's Motion, the Court finds that in this case the interest in "preserving the finality of judgments"

---

[2] The Court does not consider Plaintiff's argument regarding non-disclosed exhibits under the rubric of Rule 60(b)(6) because "if the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391–92 (2d Cir. 2001).

3

outweighs any "ends of justice" that would be served by reconsidering the Court's judgment. *Tapper*, 833 F.3d at 170.

      For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied. The Clerk of the Court is respectfully requested to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: April 22, 2021
       White Plains, New York

                                             KENNETH M. KARAS
                                             UNITED STATES DISTRICT JUDGE